

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NOS. 2-07-179-CR**
**2-07-190-CR**

JORGE CASTILLO ZULAYKA                                    APPELLANT
A/K/A JORGE C. ZULAYKA

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Jorge Castillo Zulayka a/k/a Jorge C. Zulayka of aggravated assault on a public servant with a deadly weapon, and the trial court sentenced him to forty years' confinement. Zulayka also entered an open plea of guilty to the charge of unlawful possession of a firearm. The trial court

---

[1] *See* TEX. R. APP. P. 47.4.

found Zulayka guilty of that offense and sentenced him to twenty years' confinement. Zulayka pleaded true to the enhancement paragraphs contained in the indictments.

Zulayka's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that arguably might support the appeal. Zulayka was given the opportunity to file a pro se brief, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Because Zulayka entered an open plea of guilty to the unlawful possession of a firearm charge, our independent review for potential error is limited to potential

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

jurisdictional defects, the voluntariness of Zulayka's plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000). Our independent review for potential error in Zulayka's aggravated assault case is broader. *See Ford v. State*, Nos. 02-06-00191-CR, 02-06-00192-CR, 2007 WL 3408622, at *3–5 (Tex. App.—Fort Worth Nov. 15, 2007, no pet.) (mem. op.) (not designated for publication) (reviewing jurisdiction, voir dire, evidentiary sufficiency, effective assistance of counsel, jury charge, punishment, and sentencing).

We have carefully reviewed the record and counsel's brief. We agree with counsel that these appeals are wholly frivolous and without merit. We find nothing in the record that might arguably support the appeals. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). We therefore grant counsel's motion to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL F:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  July 3, 2008

3